THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:13-cv-00184-MR-DLH

LAWRENCE J. TRABER and )
ELGE L. TRABER, )
 )
        Plaintiffs, )
 )
vs. ) **MEMORANDUM OF**
 ) **DECISION AND ORDER**
BANK OF AMERICA and )
BANK OF AMERICA HOME LOANS, )
 )
        Defendants. )
_____ )

**THIS MATTER** is before the Court on Plaintiffs' Motion to Remand. [Doc. 5] and the Defendant's Motion to Dismiss [Doc. 2].

**I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

On May 23, 2013, the Plaintiffs filed this proceeding *pro se* in the Polk County General Court of Justice, Superior Court Division, against the Defendants Bank of America and Bank of America Home Loans, asserting claims for breach of warranty of good faith, failure to comply with the National Housing Act, 12 U.S.C. § 1701 *et seq.*, fraud, and conversion, arising from the Plaintiffs' attempts to obtain a mortgage modification through Bank of America Home Loan Services in 2008-2009. [Doc. 1-2].

On July 1, 2013, the Defendant Bank of America, N.A. filed a Notice of Removal of this action to this Court. [Doc. 1]. On July 8, 2013, the Defendant Bank of America, N.A. moved to dismiss the Plaintiffs' Complaint. [Docs. 2, 2-1].

On July 17, 2013, the Plaintiffs moved to remand this action to state court, arguing: (1) that the removing Defendant failed to join all of the named Defendants in the removal; (2) that the federal statutes cited in the Complaint, including 12 U.S.C. § 1701 *et seq.* and the Home Affordable Modification Program (HAMP), 12 U.S.C. § 5201 *et seq.*, provide no private right of action and thus provide no grounds for federal jurisdiction; and (3) that the accompanying state law claims should be severed and remanded to state court. [Doc. 5].

The Defendant Bank of America, N.A., the only party to have appeared in defense of this action,[1] opposes the Plaintiffs' motion to remand. [Doc. 7]. In arguing that removal was proper, the Defendant cites its Corporate Disclosure Statement, which notes that the other defendant named in this action, "Bank of America Home Loans," is not an existing

---

[1] While the Complaint named "Bank of America" as a defendant, the Civil Summons listed "Bank of America NA" as Defendant. Service was effected on Bank of America, N.A., and thus it has appeared in defense of this action.

2

entity. Assuming that the Plaintiffs intended to name Bank of America Home Loans Servicing, LP as a defendant, defense counsel further notes that Bank of America Home Loans Servicing, LP merged with and into Bank of America, N.A. on July 1, 2011. [Doc. 3]. The Defendant further argues that removal was proper on the basis of federal question jurisdiction because the Plaintiffs attempt to state a federal cause of action in their Complaint. Finally, the Defendant argues that given the existence of federal question jurisdiction, the Court should exercise supplemental jurisdiction over the Plaintiffs' state law claims. [Doc. 7].

Having been fully briefed, this matter is ripe for review.

## II. DISCUSSION

### A. Motion to Remand

A defendant may remove a civil action from state court where the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction of civil actions which "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Since removal jurisdiction is not favored, the Court must "construe it strictly in light of the federalism concerns inherent in that form of federal jurisdiction," "resolv[ing] all doubts in favor of remand." In re Blackwater Sec. Consulting, LLC, 460 F.3d 576,

583 (4th Cir. 2006); Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). The burden is on the party seeking removal to demonstrate that federal jurisdiction is proper. See Mulcahey, 29 F.3d at 151.

### 1. Joinder of Defendants

For a civil action to be removed pursuant to section 1441(a),[2] "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

In this case, the Plaintiffs assert that Bank of America, N.A. improperly removed this case because Bank of America Home Loans Servicing LP neither joined in nor consented to the removal. As established by Bank of America, N.A.'s Corporate Statement, however, Bank of America Home Loans was subsumed by Bank of America, N.A. and is therefore a non-existent entity. [Doc. 3]. As a non-existent entity, this defendant could not be properly joined or served in this case nor could it properly join or consent for removal. See Davis v. OneBeacon Ins. Group, 721 F. Supp. 2d 329, 337 (D.N.J. 2010) (citing Newson v. Caliber

---

[2] 28 U.S.C. § 1441(a) applies to civil actions over which federal district courts have original jurisdiction, and thus applies to this case.

Auto Transfer of St. Louis, Inc., No. 09-954-GPM, 2009 WL 4506298, at *2 (S.D.Ill. Nov. 26, 2009) (noting that a non-existent business entity "is not required to join in or consent to the removal of a case . . ."); see also Frith v. Blazon-Flexible Flyer, Inc., 512 F.2d 899, 900 (5th Cir. 1975) (allowing motion to remand because non-joining defendant was a trade name rather than a legal entity).

Accordingly, Bank of America Home Loans was not required to join in or consent to the removal of this action.

### 2. Existence of Federal Question

The Court next addresses the issue regarding the presence of a federal question in this action. "The presence or absence of [a] federal question is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing Gully v. First National Bank, 299 U.S. 109, 112-13 (1936)). Federal jurisdiction also exists over state law claims which "implicate significant federal issues," issues which are substantial and contested, for which federal jurisdiction will not upset the "balance between federal and state judicial responsibilities." Grable & Sons Metal Products, Inc. v. Darue Eng'g &

Mfg., 545 U.S. 308, 308 (2005). It is well-established that generally a "suit arises under the law that creates the cause of action." Id. at 819 (quoting Justice Holmes in American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916)); see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California, 463 U.S. 1, 8-9 (1983).

The claims that give rise to the Defendants' removal of this action are the Plaintiffs' asserted claim for "Failure to Comply with 12 U.S.C. § 1701" and the references within such claim and in their state law claims to the Home Affordable Modification Program, 12 U.S.C. § 5201 *et seq.* (HAMP). [Doc. 1-2]. The absence of a private right of action is often "highly relevant" to issues about the Congressional intent for federal question jurisdiction and the balance between federal and state judicial responsibilities. McKnight v. Surgical Associates of Myrtle Beach LLC, No. 4:11-cv-02782-RBH, 2011 WL 5869800, at *6 (D.S.C. Nov. 18, 2011) (citing Grable, 545 U.S. at 318); see also Henry McMaster v. Janssen Pharm. Inc., No. 6:07-1452-HMH, 2007 WL 2022173, at *3 (D.S.C. July 10, 2007). As the Plaintiffs note in support of their Motion to Remand, neither the National Housing Act, 12 U.S.C. § 1701 *et seq.*, nor HAMP create a private right of action. See National Housing Act, § 1, 12 U.S.C. § 1702 (stating that the National Housing Act does not operate as basis for private right of action);

see also Mosley v. Wells Fargo Bank, N.A., 802 F. Supp. 2d. 695, 698-99 (E.D. Va. 2011) (citing Bourdelais v. J.P. Morgan Chase Bank, No. 3:10CV670-HEH, 2011 WL 1306311, at *3 (E.D. Va. Apr. 1, 2011) (holding that "[f]ederal courts have uniformly held that relief cannot be granted to private plaintiffs for HAMP claims because HAMP created no private cause of action for borrowers against lenders, but instead designated compliance authority to Freddie Mac . . .")).

The Plaintiffs' claim for alleged failure to comply with 12 U.S.C. § 1701 was not asserted as an element of a state law claim and was not disguised in any way by a state law claim, but rather was asserted by the Plaintiffs as a singular claim for relief. [Doc. 1-2]. In determining whether this Court has federal question jurisdiction, this Court "must look to the way the complaint is drawn to see if it claims a right to recover under the Constitution and laws of the United States, for to that extent the party who brings a suit is master to decide what law he will rely upon." Lee v. Hodges, 321 F. 2d 480, 483 (4th Cir. 1963) (citing Bell v. Hood, 327 U.S. 678, 681 (1946) (holding that federal jurisdiction was proper where alleged violations of federal law were listed in the complaint even though no federal remedy existed under such federal law)). Even if the Plaintiffs' allegations are inadequate to state a valid legal claim since they have no private right

of action under 12 U.S.C. § 1701 *et seq.*, federal question jurisdiction is "not defeated . . . by the possibility that the averments [of the complaint] might fail to state a cause of action on which plaintiffs could actually recover . . . [F]or it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." <u>Bell</u>, 327 U.S. at 682.

Only in cases "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such claim is wholly insubstantial and frivolous" can a court dismiss the suit for lack of jurisdiction. <u>Lee</u>, 321 F.2d at 483-84 (citing <u>Bell</u>, 327 U.S. at 681-83). The Plaintiffs in this case made allegations regarding their mortgage modification attempts, indicating that the Defendants failed to comply with 12 U.S.C. § 1701 *et seq.* by not following appropriate processes in their foreclosure action and particularly "[b]y conducting an intentional campaign of delays and falsehoods in order to falsely deny [the Plaintiffs'] a loan modification." [Doc. 1-2]. Analysis of the Plaintiffs' claim for relief for "Failure to Comply with 12 U.S.C. § 1701" through the "well-pleaded complaint" rule thus establishes that this federal claim does not appear to be immaterial, was not made solely for the purpose of obtaining jurisdiction, and was not wholly insubstantial and

frivolous. [Doc. 1-2]; see Caterpillar Inc., 482 U.S. at 392. Thus, this action arises under federal law and is subject to this Court's jurisdiction.[3]

For these reasons, the Plaintiffs' Motion to Remand is denied.

### B. Motion to Dismiss

As addressed above, the claim that gives rise to federal jurisdiction of this action is the Plaintiffs' asserted claim for "Failure to Comply with 12 U.S.C. § 1701."[4] As the Plaintiffs concede in support of their Motion to Remand, the National Housing Act, 12 U.S.C. § 1701 *et seq.*, does not create a private right of action. See National Housing Act, § 1, 12 U.S.C. §

---

[3] By contrast, the Plaintiffs' references to HAMP are part of their allegations for both their state law claims of breach of warranty of good faith, fraud, and conversion and their federal claim for failure to comply with 12 U.S.C. § 1701. "Congress's determination not to provide a private cause of action under a federal statute is evidence of 'a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently "substantial" to confer federal question jurisdiction.'" Bottom v. Bailey, No. 1:12CV97, 2013 WL 431824, at *4 (W.D.N.C. Feb. 4, 2013) (citation omitted). Here, references to HAMP were not noted as actual elements of the Plaintiffs' state law claims, but were merely referenced in allegations in support of such state law claims. [Doc. 1-2]. Further, though the state court may examine HAMP in making its decision, such examination does not "federalize" the Plaintiffs' claims. Bottom, 2013 WL 431824, at *4. Thus, the Defendant had no grounds for removal of this case based on references to HAMP. See Mosley, 802 F. Supp. 2d. at 698-99, citing Bourdelais, 2011 WL 1306311, at *3. The Defendant did, however, have proper grounds for removal of this case based on the Plaintiffs' asserted claim for violation of 12 U.S.C. § 1701 *et seq.*, which granted this Court proper federal question jurisdiction.

[4] The Plaintiffs in this case have neither identified any particular portion of the National Housing Act which they claim the Defendant violated, nor have they referenced any regulations incorporated into a contract between the parties. [Doc. 6]. They have simply asserted a failure to comply with 12 U.S.C. § 1701, which only states: "[t]his Act may be cited as the 'National Housing Act.'" [Id.]; 12 U.S.C. § 1701.

1702 (stating that the National Housing Act does not operate as basis for private right of action); see also Perry v. Housing Authority of Charleston, 664 F.2d 1210, 1213-17 (4th Cir. 1981) (holding that courts have generally found from legislative history and language that there is no private right of action in the National Housing Act); see also In re Miller, 124 F. App'x 152, 154-56 (4th Cir. 2005) (holding that there is no private right of action to enforce HUD loss mitigation regulations). "[T]he National Housing Act, 12 U.S.C. § 1701 *et seq.*, and the regulations promulgated thereunder . . . pertain to relations between the mortgagee and the government and do not give the mortgagors (i.e., Plaintiffs) a remedy for the mortgagee's failure to follow those regulations" unless the regulations' terms are specifically incorporated by reference into a contract. Ballard v. Bank of Am., N.A., No. 2:12-2496, 2013 WL 5963068, at *19 (S.D. W. Va. Nov. 7, 2013) (quoting Hall v. BAC Home Loans, 2:12-cv-3720-LSC, 2013 WL 2248253, at *4 (N.D. Ala. May 21, 2013). Thus, this Court must dismiss the Plaintiffs' federal law claim since it provides no private right of action.

### C. Supplemental Jurisdiction Over State Law Claims

With the sole federal claim in this action having been dismissed, the Court addresses the issue regarding the existence of supplemental jurisdiction for the state law claims in this action. Where federal district

courts have proper original jurisdiction over a claim, they may exert "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," 28 U.S.C. § 1367, "deriv[ing] from a common nucleus of operative fact . . . such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). In deciding whether to exert supplemental jurisdiction, the Court must "consider and weigh in each case, and at every stage of litigation, the values of judicial economy, convenience, fairness, and comity." City of Chicago v. Int'l Coll. Of Surgeons, 522 U.S. 156, 173 (1997). Where "the district court has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3), it "may decline to exercise supplemental jurisdiction" over "claims so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. §§ 1367(c), 1367(a).

The Plaintiffs brought claims against the Defendant in this case for breach of warranty of good faith, failure to comply with 12 U.S.C. § 1701 *et seq.*, fraud, and conversion, all in relation to acts that took place in 2008-2009 during their attempt to obtain a loan modification. [Doc. 1-2]. These

claims all relate to the same case or controversy, 28 U.S.C. § 1367, "deriv[ing] from a common nucleus of operative fact." Gibbs, 383 U.S. at 724. Inasmuch as this Court is dismissing the federal claim over which it had original jurisdiction, this Court will decline to exercise supplemental jurisdiction over the remaining state law claims, in the interests of judicial economy, convenience, fairness, and comity to all parties in this action.

### III. CONCLUSION

Upon careful consideration of the arguments of both parties in this case, the Court concludes that Bank of America, N.A. did not have to obtain consent from a non-existent entity Bank of America Home Loans to remove this case to federal court. Further, the Court concludes that this case presents a federal question as evidenced from the face of the Plaintiffs' Complaint. The Court concludes, however, that the Plaintiffs' federal claim fails to state a cause of action. Additionally, the Court concludes in the exercise of its discretion that it should not retain supplemental jurisdiction over the Plaintiffs' state law claims.

### O R D E R

**IT IS, THEREFORE ORDERED** that the Plaintiffs' Motion to Remand [Doc. 5] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss [Doc. 2] is **GRANTED IN PART** and the Plaintiff's claim for violations of 12 U.S.C. § 1701 is **DISMISSED**. The Defendant's Motion to Dismiss the Plaintiffs' state law claims [Doc. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, this case is hereby **REMANDED** to the Superior Court of Polk County, North Carolina, for further proceedings.

**IT IS SO ORDERED.**

Signed: March 7, 2014

Martin Reidinger
United States District Judge